FILED _____ ENTERED
LOGGED _____ RECEIVED

FEB 16 2012

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY BCF         DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

Thomas A. Drake - Plaintiff          *

                                        * Civil Action No. RDB-11-3245

v                                 *

                                        * Related Criminal No. RDB-10-0181

National Security Agency, et al      *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## *STATEMENT OF CLAIMS FOR CONSOLIDATION*

Thomas A. Drake, *pro se* Plaintiff, moves for a consolidation of United States District Court for the District of Maryland, Case No. RDB-11-3245, with the instant case filed in the United States District Court for the District of Maryland this date, based on the following grounds:

1. This case involves simultaneous warranted searches conducted on July 26, 2007 of Diane S. Roark, William E. Binney, and John K. Wiebe, a warrantless search later that day of Edward F. Loomis' home, and seizure of their personal property.

2. Plaintiff was raided on November 28, 2007 and similarly suffered seizure of personal property.

3. The searches were predicated on an alleged conspiracy among Plaintiff, Wiebe, Binney, Loomis, and Roark.

4. Binney and Wiebe received letters of immunity on January 20, 2010. Loomis received a letter of immunity dated October 7, 2010.

5. Related criminal proceedings concluded in July 2011 when the government formally dismissed all 10 felony counts from the April 2010 indictment against Plaintiff (including the dropping of all charges related to the alleged retention of classified information).

6. Despite the conclusion of the multi-year criminal prosecution, subsequent indictment and case against Plaintiff, the government continues to retain substantial amounts of seized material from Plaintiff. This material includes, but is not limited to, some 15 plus years worth of digital archives and data as follows: family pictures and history; financial information (including taxes); large amounts of personal and professional intellectual capital and intellectual property; thousands of pages of personal and professional

1

correspondence and e-mail; as well also substantial amounts of research and data related to the pursuit of advanced graduate education necessary to complete critical degree requirements over the next 12 months.

7. Plaintiff seeks the return of:

- one Apple iBook 12" laptop, one Apple Powerbook G4 17" laptop, one Apple MacBook 13" laptop, one Apple PowerBook 2400, one Apple Powerbook G3 14" laptop, numerous backup drives and digital media, one HP OfficeJet Printer, all in working order when seized from Plaintiff's residence; and

- any and all other remaining computer-related digital items and electronic devices that were also in working order when seized (in addition to those specifically enumerated above), to include digital and hard copy papers, as well as all remaining personal effects still retained by government as seized from Plaintiff's residence on 28 November 2007.

8. The instant action and Wiebe's lawsuit (to now include the other Plaintiffs' claims) involve common questions of law; specifically the obligation of the government to return seized property under Fed. R. Crim. P. 41(g). Plaintiff and Mr. Wiebe (as well as the other Plaintiffs) have a sufficient property interest in the items to demand their return because the items were seized from their residences. Moreover, they are entitled to lawful possession of the seized property, the property is not contraband, and the government's need for the property as evidence in the case against them and this Plaintiff has ended.

9. This civil case involves common questions of fact that arise from the same factual situation, context and background for all Plaintiffs concerned; namely, both warranted and warrantless searches on individuals that the government believed had "leaked" allegedly classified information to the media.

10. Judicial convenience and economy will be promoted by consolidation of the actions. Consolidation will result in one trial that will bind all plaintiffs and defendants. This will save time and avoid unnecessary costs to the defendants and the plaintiffs in all actions, as well as witnesses who would otherwise be required to testify in different cases, and this Court.

11. Consolidation will not delay the final disposition of this matter. Plaintiff is fully prepared to present his case in consolidation with Wiebe, Loomis, Binney, and Roark.

WHEREFORE, Plaintiff respectfully requests that his case against the National Security Agency, et al is consolidated with that of Mr. Wiebe with the claims presented herewith.

I certify that I have sent a copy of this Motion to Consolidate via USPS to:

Mr. Thomas H. Barnard, Asst. U.S. Attorney
36 S. Charles St., 4th Floor
Baltimore, MD 21201

Respectfully submitted,

*[signature: Thomas A. Drake]*

Thomas A. Drake
3241 Sharp Road
Glenwood, MD 21738
443-710-7133
tadrake@earthlink.net

*Pro se* Plaintiff



Thomas A. Drake - Plaintiff
v
National Security Agency, et al

* * * * *

Civil Action No. RDB-11-3245

Related Criminal Action No. RDB-10-0181
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *