IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN WIEBE, ET AL. | * | |
|     Plaintiff | | |
| | * | |
| vs. | | Civil Action No.   RDB-11-3245 |
| | * | |
| NATIONAL SECURITY AGENCY, ET AL. | | |
|     Defendant | * | |

******

## REPORT AND RECOMMENDATION

The matter has been referred to me for report and recommendation. [ECF No. 8]. Five individual plaintiffs have filed motions under Fed. R. Crim. Proc. 41(g), seeking return of certain property seized by government agents during the execution of related search warrants. The five cases have been consolidated for disposition in this Court. [ECF Nos. 12, 16, 18]. One of those five Plaintiffs, Diane Roark, is a resident of Oregon, and the property addressed in her Rule 41(g) motion was seized from her home in that state. Respondents National Security Agency and Federal Bureau of Investigation (collectively, "the Government") have filed a Motion to Dismiss Ms. Roark's Rule 41(g) motion, citing improper venue. [ECF No. 39]. Ms. Roark has not filed a formal opposition to that Motion, but has filed a "Request for Waiver of Venue." [ECF No. 41]. As described herein, the governing law establishes that this Court is an improper venue for the adjudication of Ms. Roark's claim. Because this Court lacks legal authority to waive the venue requirement over the objection of the Government, I recommend that the Government's Motion to Dismiss be granted and Ms. Roark's request for a waiver be denied.

Ms. Roark presents a variety of policy arguments supporting the exercise of venue over her claim in Maryland. For example, Ms. Roark contends that her co-Plaintiffs, who reside in Maryland, have knowledge that will be critical to her proceeding, and that the separate trial of

her claim in Oregon will present great expense to both Plaintiffs and the Government. Although Ms. Roark's policy arguments regarding the efficiency of handling the five related proceedings in a single venue are entirely logical, this Court is constrained to apply the Federal Rules of Criminal Procedure and the governing law in the United States Court of Appeals for the Fourth Circuit. Fed. R. Crim. Proc. 41(g) requires that a motion for return of property be brought in the district in which the property was seized.[1] The Fourth Circuit has interpreted that Rule in accordance with its plain language. *United States v. Garcia*, 65 F.3d 17, 21 (4th Cir. 1995). Ms. Roark's property was seized in Oregon. Therefore, her Rule 41(g) motion must be adjudicated in Oregon, even if policy considerations would support venue in this district. *See, e.g., United States v. Ebert*, 39 Fed. Appx. 889, 893 (4th Cir. 2002) (determining that a similar motion had to be heard in the district of seizure even though "[f]rom a policy standpoint, the facts of this case all point toward the conclusion that venue in the trial court should be proper.").

Ms. Roark relies on two cases, *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) and *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004), to suggest that venue is proper in Maryland federal court because "a 41(g) motion can be filed in the district in which criminal proceedings are under way, before or during criminal proceedings, rather than in the district where the property was seized." Pl.'s Request for Waiver at 3. Even if Seventh Circuit precedent controlled this matter instead of Fourth Circuit precedent, *Sims* and *Howell* are inapplicable to Ms. Roark's case. Simply put, there are no related criminal proceedings currently under way in

---

[1] Fed. R. Crim. P. 41(g) states:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

this district. The Government never sought criminal charges against Ms. Roark. The criminal proceeding against her co-Plaintiff, Thomas Drake, has now ended. Under Fourth Circuit law, even had ancillary jurisdiction existed during the pendency of Mr. Drake's criminal case, such jurisdiction is no longer present. *See Garcia,* 65 F.3d at 20. The Government has properly raised the venue issue, and this Court cannot therefore waive the express venue provision in the Rule over the Government's objection.

In her filing, Ms. Roark also expressed concern about the statute of limitations for claims to recover seized items.[2] Although the statute of limitations begins to run when property is seized, the statute of limitations merely determines the deadline by which a claim must be filed. Once a claim is filed, the length of time it may take to resolve that claim is immaterial. If a plaintiff files a claim in the appropriate jurisdiction within the applicable statute of limitations, that plaintiff need not be concerned about whether the limitations period expires during negotiations or litigation to resolve the claim.

For the reasons stated herein, I recommend that Ms. Roark's Request for Waiver of Venue, [ECF No. 41], be DENIED, and I further recommend that the Government's Motion to Dismiss for Improper Venue, [ECF No. 39], be GRANTED. I direct the Clerk to mail a copy of this Report and Recommendation to Ms. Roark at the address listed on the docket. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: May 11, 2012                                /s/
                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge

---

[2] The parties have not briefed the applicable statute of limitations for a claim under Fed. R. Civ. Proc. 41(g), and this Court makes no determination regarding the length of the limitations period.